NOT DESIGNATED FOR PUBLICATION

No. 116,178

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JOHNATHAN D. JACKS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Harper District Court; LARRY T. SOLOMON, judge. Opinion filed May 12, 2017.
Affirmed.

*Rick Kittel*, of Kansas Appellate Defender Office, for appellant.

*Janis I. Knox*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BUSER, P.J., PIERRON and STANDRIDGE, JJ.

*Per Curiam*:  Jonathan D. Jacks appeals his jury convictions for possession of
marijuana, possession of methamphetamine, and possession of drug paraphernalia. On
appeal, he contends the prosecutor committed prosecutorial error in making her closing
argument. Upon our review we find the prosecutor erred, but the error was harmless
given the considerable evidence of Jacks' guilt presented at trial.

1

FACTUAL AND PROCEDURAL BACKGROUND

In February 2015, Jacks was stopped by a law enforcement officer in Harper County based on reports that the motor vehicle he was driving had been previously observed traveling erratically on the roadway. The officer arrested Jacks after confirming that his driver's license was suspended. A subsequent search of Jacks' vehicle revealed marijuana, methamphetamine, a glass smoking pipe, digital scales, and other drug paraphernalia.

After his arrest, Jacks was interviewed by Deputy Scott McCann of the Harper County Sheriff's Office. During the interview, Jacks admitted to being involved in a "drug thing" and said he knew there was marijuana in the car. He also admitted to using and sharing a methamphetamine pipe with his passenger to stay awake while driving. Although an audio recording of Jacks' interview was made, it was not offered in evidence at trial.

The State charged Jacks with a variety of drug offenses and driving while suspended. At the conclusion of the trial evidence, the trial court submitted three offenses for the jury's consideration and verdict: possession of marijuana (K.S.A. 2016 Supp. 21-5706[b][3]); possession of methamphetamine (K.S.A. 2016 Supp. 21-5706[a]); and possession of drug paraphernalia. (K.S.A. 2016 Supp. 21-5709[b][2]).

In closing argument, defense counsel stated:

"Deputy McCann said that Mr. Jacks and [his passenger] exchanged the pipe on the way down. I don't believe that his testimony—or the way back rather—was that specific. We didn't hear the tape itself. What we heard was Deputy McCann's recollection of that conversation almost a year later."

In response, the State argued in its second closing:

"You didn't—she said you didn't hear the tape. Well the defense also could have submitted the tape, and there might be good reasons why the defense didn't want to submit that—I guess we call that a DVD, not a tape—there might be good reasons why they didn't want to introduce that. There might have been reasons why we couldn't introduce that, that wasn't raised during the trial."

The jury convicted Jacks of possession of marijuana, possession of methamphetamine, and possession of drug paraphernalia. He was sentenced to 24 months' imprisonment but was granted 18 months' supervised probation. Jacks filed a timely notice of appeal.

PROSECUTORIAL ERROR DUE TO IMPROPER CLOSING ARGUMENT

On appeal, Jacks contends the prosecutor erred during her second closing argument when she commented about the State's failure to admit the recording of Jacks' interview. Jacks claims the State's comment regarding the recording "was erroneous and unduly prejudicial because it asserted that there was evidence that had not been admitted that would have reflected poorly on Mr. Jacks and been detrimental to the defense . . . had it been admitted." In response, the State argues that the prosecutor's comment "was in direct response to the defense statement made for the first time in her closing statement, . . . implying that [the tape] would have been more accurate and implying that if the State did not present it, there must have been a reason."

The standard for appellate review of an allegation of prosecutorial error was modified in *State v. Sherman*, 305 Kan. 88, 378 P.3d 1060 (2016). Under the modified standard, the appellate court uses a two-step process to evaluate claims of prosecutorial error:

3

"These two steps can and should be simply described as error and prejudice. To determine whether prosecutorial error has occurred, the appellate court must decide whether the prosecutorial acts complained of fall outside the wide latitude afforded prosecutors to conduct the State's case and attempt to obtain a conviction in a manner that does not offend the defendant's constitutional right to a fair trial. If error is found, the appellate court must next determine whether the error prejudiced the defendant's due process rights to a fair trial. In evaluating prejudice, we simply adopt the traditional constitutional harmlessness inquiry demanded by *Chapman* [*v. California*, 386 U.S. 18, 87 S. Ct. 824, 17 L. Ed. 2d 705 (1967)]. In other words, prosecutorial error is harmless if the State can demonstrate 'beyond a reasonable doubt that the error complained of will not or did not affect the outcome of the trial in light of the entire record, *i.e.*, where there is no reasonable possibility that the error contributed to the verdict.' *State v. Ward*, 292 Kan. 541, Syl. ¶ 6, 256 P.3d 801 (2011), *cert. denied* 565 U.S. 1221 (2012). We continue to acknowledge that the statutory harmlessness test also applies to prosecutorial error, but when 'analyzing both constitutional and nonconstitutional error, an appellate court need only address the higher standard of constitutional error.' *State v. Sprague*, 303 Kan. 418, 430, 362 P.3d 828 (2015)." *Sherman*, 305 Kan. at 109.

Prosecutors have wide latitude to craft arguments that draw reasonable inferences from the evidence. See *State v. Hart*, 297 Kan. 494, 505-06, 301 P.3d 1279 (2013); *State v. Hall*, 292 Kan. 841, 848, 257 P.3d 272 (2011). It is a well-established rule, however, that a prosecutor's comments in closing argument must be confined to matters in evidence. See *State v. Killings*, 301 Kan. 214, 228, 340 P.3d 1186 (2015).

In the present case, the prosecutor did not argue about the evidence. Rather, the prosecutor speculated about the possible reasons a recorded interview was not offered in evidence. In particular, the prosecutor insinuated that the reason why the recorded interview was not admitted in evidence was that it contained information unfavorable to Jacks. But Kansas appellate courts have repeatedly held that a prosecutor may not comment upon facts not in evidence, and when a prosecutor argues facts outside the evidence, the first prong of the prosecutorial error test is met. *Hall*, 292 Kan. at 848;

4

accord *State v. Akins*, 298 Kan. 592, 601, 315 P.3d 868 (2014); *State v. Huerta-Alvarez*, 291 Kan. 247, 263, 243 P.3d 326 (2010).

The State emphasizes that its comments were proper because they were merely a response to defense counsel's argument. In support, the State cites to *State v. Naputi*, 293 Kan. 55, 63-64, 260 P.3d 86 (2011). In *Naputi*, the defense pointed out the fact that the State had not called a particular witness to testify and argued that his testimony would not have been helpful to the State's case, thereby implying it would have been helpful to the defense. In response, the State argued that if the defense felt the witness would have been helpful, the defense could have subpoenaed him. Our Supreme Court held the comment was permissible as it merely "refut[ed] a purported inference." 293 Kan. at 64.

*Naputi* provides little support for the State's argument. In the case on appeal, the prosecutor's comment went beyond refuting a purported inference. Defense counsel simply pointed out that a recording of Jacks' statements was made but was not played at trial. The suggestion was simply that Deputy McCann's recollection of Jacks' incriminating statement made 1 year prior may not have been as accurate as the actual recording of his statement. There was no suggestion by defense counsel that the recording was damaging to the State's case or beneficial to the defense. Thus, there was no real inference to refute. And contrary to the State's claim, the defense did not criticize the State for failing to admit the recording in evidence. In sum, *Naputi* does not support the State's position.

Moreover, "'a prosecutor's improper comment or argument can be prejudicial, even if the misconduct was extemporaneous and made under the stress of rebutting arguments made by defense counsel.'" *State v. Roeder*, 300 Kan. 901, 934, 336 P.3d 831 (2014), *cert. denied* 135 S. Ct. 2316. (2015) (disavowing language in previous cases that defense provocation can justify prosecutorial misconduct); *State v. Sprague*, 303 Kan. 418, 429, 362 P.3d 828 (2015) (when responding to defense arguments, the "'open-the-

door rule does not insulate a prosecutor from a finding of misconduct.' [Citation omitted.]"). We are persuaded that the prosecutor's argument was error.

Next, we review the second step of the analysis to determine whether the error prejudiced Jacks' due process right to a fair trial. In considering the question of prejudice, we apply the traditional constitutional harmlessness inquiry:

> "[P]rosecutorial error is harmless if the State can demonstrate 'beyond a reasonable doubt that the error complained of will not or did not affect the outcome of the trial in light of the entire record, *i.e.*, where there is no reasonable possibility that the error contributed to the verdict.' *State v. Ward*, 292 Kan. 541, Syl. ¶ 6, 256 P.3d 801 (2011), *cert. denied* 565 U.S. 1221 (2012)." *Sherman*, 305 Kan. at 109.

We have carefully reviewed the entire trial proceeding. The evidence that Jacks knowingly and intentionally possessed illegal drugs and paraphernalia was substantial. First, considerable contraband was seized by law enforcement officers from the motor vehicle that Jacks was driving. Second, Jacks admitted his knowledge of the drugs and his recent use of methamphetamine. This direct evidence was overwhelming. Accordingly, we are convinced the prosecutorial error did not affect the outcome of the trial and there is no reasonable possibility that the error contributed to the guilty verdicts.

Affirmed.